## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**COMPLETE LOGISTICAL
SERVICES, LLC**

**CIVIL ACTION**

**VERSUS**

**NO. 24-826**

**PAUL YAEGER**

**SECTION: "H"**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 10). For the following reasons, Plaintiff's Motion is **GRANTED**.

## BACKGROUND

Plaintiff Complete Logistical Services, LLC brings this action seeking to obtain a declaratory judgment holding that it is not liable to Defendant Paul Yaeger for additional maintenance and cure payments. Plaintiff, a temporary staffing company based in Louisiana, employed Defendant as a Captain on various occasions after he applied to work with Plaintiff in January 2020. On October 25, 2021, while working for Plaintiff aboard the M/V GO AMERICA, Defendant had an asthma attack and required medical treatment. Defendant was diagnosed with pneumonia, and Plaintiff provided Defendant with maintenance and cure benefits. Defendant returned to work on January 17, 2022 without restrictions, and in April 2022, the United States Coast Guard ("USCG") certified that he was medically fit for duty. Defendant continued to periodically work for Plaintiff until April 2023. On June 9, 2023, Defendant

notified Plaintiff that he needed a lung transplant and requested additional maintenance and cure benefits, claiming his 2021 bout of pneumonia caused the damage to his lung.

Plaintiff then filed this action pursuant to the Court's maritime jurisdiction on April 2, 2024. Defendant was served on June 10, 2024 at his residence in Texas, but failed to make an appearance. At Plaintiff's request, the Clerk of Court entered default against Defendant on December 6, 2024. Plaintiff now moves for the entry of default judgment against Defendant declaring that it owes him no additional maintenance and cure.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes the clerk to make an entry of default against defendants who fail to answer or otherwise defend a plaintiff's complaint within the required time period.[2] An entry of default results in a plaintiff's well-pleaded factual allegations being deemed admitted.[3] Nevertheless, a defendant against whom a default has been entered "is not held to admit facts that are not well-pleaded or to admit conclusions of law."[4]

Following the entry of default, a plaintiff may move for default judgment against the defendant in default.[5] "[A] defendant's default does not in itself warrant the court in entering a default judgment" as "[t]here must be a

---

[1] As the instant Motion did not address the Court's exercise of personal jurisdiction over Defendant, the Court ordered Plaintiff to file a supplemental briefing on the issue by February 27, 2026. Doc. 12. Pursuant to that Order, Plaintiff timely filed its Memorandum Regarding the Court's Personal Jurisdiction Over the Defendant, Paul Yaeger. Doc. 13.

[2] FED. R. CIV. P. 55.

[3] Meyer v. Bayles, 559 F. App'x 312, 313 (5th Cir. 2014) (citing Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

[4] Nishimatsu, 515 F.2d at 1206.

[5] FED. R. CIV. P. 55(b)(2).

sufficient basis in the pleadings for the judgment entered."[6] Although judgments by default are "generally disfavored,"[7] the decision to enter default judgment is within the sound discretion of the trial court.[8]

The Court is entitled to consider several factors when determining whether to enter a default judgment, including, "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion."[9]

## LAW AND ANALYSIS

Plaintiff requests a default judgment against Defendant, claiming that he has failed to answer in the proper time and has not requested an extension as required by Rule 55(a) of the Federal Rules of Civil Procedure. Defendant has failed to file responsive pleadings or appear in this case, and default has been entered against him.[10]

## I.    Jurisdiction and Venue

The Court must first examine its jurisdiction over this subject matter and the parties before proceeding to the merits of Plaintiff's Motion for Default Judgment.[11]

---

[6] *Nishimatsu*, 515 F.2d at 1206.
[7] Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000).
[8] Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (citing Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977)).
[9] Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).
[10] Doc. 7.
[11] *See* Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY, 242 F.3d 322, 324 (5th Cir. 2001).

## A.    Subject matter jurisdiction

This action arises under the general maritime law of the United States, and subject matter jurisdiction is premised upon this Court's maritime jurisdiction pursuant to 28 U.S.C. § 1333.[12]

## B.    Personal jurisdiction

Next, the Court must consider personal jurisdiction over Defendant. Defendant is alleged to be a resident of Mississippi.[13] In admiralty cases, jurisdiction over a non-resident defendant is thus proper when "(1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment."[14] In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause."[15]

"The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'"[16] A court may exercise personal jurisdiction over a non-resident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) exercising personal jurisdiction over the

---

[12] Defendant is a seaman claiming maintenance and cure benefits for injuries he allegedly sustained while serving aboard the M/V GO AMERICA in the navigable waters of the United States.

[13] Doc. 1 at 1.

[14] Freudensprung v. Offshore Tech. Servs., Inc., 379 F.3d 327, 343, (5th Cir. 2004).

[15] Asarco, Inc. v. Glenara, Ltd., 912 F.2d 784,  786 (5th Cir. 1990); see also LA. REV. STAT. § 13:3201.

[16] Pervasive Software Inc. v. Lexware GMBH & Co. KG, 688 F.2d 214, 220 (5th Cir. 2012) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).

defendant does not offend "traditional notions of fair play and substantial justice."[17]

### 1. Minimum contacts

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction.[18] Specific personal jurisdiction exists when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state and the controversy arises out of or is related to those activities.[19] General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action.[20]

As Defendant is an individual and a non-resident, the Court does not have general personal jurisdiction over him.[21] To establish specific personal jurisdiction, Plaintiff must prove that: "(1) there are sufficient (i.e., not 'random fortuitous or attenuated') pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts."[22] If Plaintiff meets its burden, Defendant "can then defeat the exercise of specific jurisdiction by showing (4) that it would

---

[17] Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe*, 326 U.S. at 316).

[18] Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000).

[19] Burger King Corp. v. Rudzewicz, 471 U.S. 262, 472 (1985).

[20] Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

[21] Ford Motor Co. v. Montana Eighth Jud. Ct., 592 U.S. 351, 358–59 (2021) ("In what we have called the "paradigm" case, an individual is subject to general jurisdiction in her place of domicile.").

[22] *Pervasive Software*, 688 F.3d at 221.

fail the fairness test, i.e., that the balance of interest factors show that the exercise of jurisdiction would be unreasonable."[23]

Here, Plaintiff asserts that Defendant: lived in Louisiana at the time he contracted with Plaintiff; contracted with Plaintiff, a Louisiana-based employer; "accepted 15 jobs for companies based in, and or/operating out of Louisiana," during his employment with Plaintiff; joined or launched vessels out of Louisiana cities during his employment; and communicated regularly with Plaintiff's Louisiana-based employees regarding his employment.[24] Defendant also "sought and received pre-employment medical evaluations in Louisiana."[25] Plaintiff avers that Defendant's purposeful availment is evinced by the nature of their relationship in that Defendant sought employment with Plaintiff in Louisiana and that Defendant could decline to work on Louisiana-based jobs without repercussion. Further, the duty to pay maintenance and cure benefits arises out of Defendant's employment-based contacts with Louisiana.[26] Accordingly, Plaintiff has met his burden to show that the Court has specific personal jurisdiction over Defendant.

### 2. Fairness

As Defendant has not appeared, the Court will review whether the exercise of personal jurisdiction over Defendant would be unreasonable or unfair. "If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the

---

[23] *Id.* at 221–22.
[24] Doc. 13 at 8.
[25] Doc. 13 at 16.
[26] Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 527 (1938) ("The duty [to pay maintenance and cure] . . . arises from the contract of employment.").

'fairness' prong of the jurisdictional inquiry is satisfied."[27]  The fairness inquiry is determined by analyzing several factors: (1) the burden upon the nonresident defendant of litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies.[28]  Given Defendant's substantial employment-based contacts with Louisiana and the fact that Defendant currently resides in Texas, the task of litigating this matter in Louisiana would not be unduly burdensome.[29] Further, Plaintiff is a local employer and has a legitimate interest in litigating labor disputes with its employees working in the state.[30] Thus, the exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Accordingly, the Court may exercise personal jurisdiction over Defendant.

## C.    Venue

Likewise, the Court must determine that the action was brought in an appropriate venue. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Plaintiff is Defendant's employer, is based within this district, and the dispute arises from Defendant's employment in this district. Further, Defendant completed his pre-

---

[27] Wilson v. Belin, 20 F.3d 644, 647 (5th Cir. 1994) (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 105 (1987)).
[28] Bullion v. Gillespie, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (internal citations omitted).
[29] Gulf Offshore Logistics, LLC v. Norris, No. 16-8247, 2016 WL 7097383, at *4 (E.D. La. Dec. 5, 2016) (holding the exercise of personal jurisdiction was reasonable "particularly given that [the defendants] enjoyed being in the employ of a Louisiana-based company for multiple years").
[30] Id.

employment medical evaluation in this district. Therefore, this is a proper venue for this action.

## II.    Availability of Declaratory Relief

As this Court has jurisdiction, the Court must now decide whether declaratory relief is appropriate. The Fifth Circuit has established a three-step inquiry for determining whether it is appropriate to exercise jurisdiction over a declaratory action. A court must consider: "(1) justiciability . . . (2) authority (i.e., whether issuing a declaration will be tantamount to enjoining an ongoing state-court proceeding, in violation of the Anti-Injunction Act, which triggers 'mandatory' abstention); and, if the case survives the first two steps, (3) discretion."

### A.    Justiciability

Article III of the U.S. Constitution and the text of the Declaratory Judgment Act forbid federal courts from "issu[ing] a declaratory judgment unless there exists an 'actual controversy.'"[31] "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests.'"[32] "Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis."[33] "The Fifth Circuit has held that a complaint raising the issue of whether an employer is legally obligated to continue to provide an employee with maintenance and cure benefits is a justiciable controversy, even if the

---

[31] Am. States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998).
[32] Orix Credit All., Inc. v. Wolfe, 212 F.3d 891, 895 (citing Middle South Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986)).
[33] *Id.*

employee has not made formal demand for such payments."[34] Thus, the Court finds that this matter is justiciable.

### B.    Authority to grant declaratory judgment

Next, the Court must determine whether it has the authority to grant the declaratory relief sought.[35] The Fifth Circuit has held that "when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti–Injunction Act."[36] Accordingly, a court does not have authority to consider a declaratory action "when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [the Anti-Injunction Act]."[37] The Fifth Circuit has further held that "the absence of any of the three factors defeats mandatory abstention, and the district court has broad discretion over whether to grant declaratory relief."[38] None of the

---

[34] Diamond B. Indus., LLC, v. Bancroft-Brownlee, No. 6:17-cv-1169, 2018 WL 3469747, at *3 (W.D. La. June 29, 2018) (citing Rowan Co., Inc. v. Griffin, 876 F.2d 26, 28 (5th Cir. 1989)), *report and recommendation adopted*, No. 6:17-cv-1169, 2018 WL 3469596 (W.D. La. July 18, 2018).

[35] *Orix*, 212 F.3d at 895.

[36] Travelers Ins. Co. v. La. Farm Bureau Fed., Inc., 996 F.2d 774, 776 (5th Cir. 1993) (citing Texas Emps.' Ins. Ass'n v. Jackson, 862 F.2d 491, 506 (5th Cir. 1988) (en banc)). The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

[37] Nat'l Cas. Co. v. Tom's Welding, Inc., No. 11-3101, 2012 WL 2064451, at *5 (E.D. La. June 7, 2012) (citing Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383, 388 n.1 (5th Cir. 2003)).

[38] Sealed v. Sealed, No. 94-30148, 1994 WL 487245, at *2 (5th Cir. 1994) (citing Torch, Inc. v. LeBlanc, 947 F.2d 193, 194 (5th Cir. 1991)).

factors are relevant here, meaning that this Court has the authority to adjudicate this matter.

### C.    Discretion

As "Federal courts have great discretion to entertain, stay, or dismiss a declaratory judgment action," the Court "must consider whether to exercise its discretion to grant declaratory judgment."[39] In *Brillhart v. Excess Insurance Co. of America*, the United States Supreme Court identified several factors to determine if abstention is appropriate under the Declaratory Judgment Act.[40] In *St. Paul Insurance Co. v. Trejo,* the Fifth Circuit distilled these factors into a nonexclusive list:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and, [7] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[41]

The Fifth Circuit has noted that the *Trejo* factors may be reduced to three aspects of analysis: federalism, fairness, and efficiency.[42]

---

[39] RSDC Holdings, LLC v. Steinberg, No. 16-9381, 2017 WL 117314, at *3 (E.D. La. Jan. 12, 2017) (citing Wilton v. Seven Falls Co., 515 U.S. 277, 282–83 (1995)).
[40] Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942).
[41] St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590–91 (1994).
[42] *Sherwin-Williams*, 343 F.3d at 391.

Here, Plaintiff asserts that there is no pending state action regarding Defendant's demand for maintenance and cure, and the Court has no reason to believe otherwise. Thus, there are no federalism concerns.

As to fairness, there is no indication that this action is anticipatory in nature, was brought in this district for the purposes of forum shopping, or that Plaintiff "is attempting to gain precedence in time or to change forums."[43] Plaintiff was simply "filing a declaratory judgment action in a federal court with jurisdiction to hear it," which is not improper anticipatory litigation or abusive forum shopping.[44] Additionally, the applicable law for Defendant's maintenance and cure claim would be the same whether in federal or state court.[45]

Regarding efficiency, the Court must consider whether the federal court is a convenient forum for parties and witnesses and whether retaining the lawsuit would serve purposes of judicial economy.[46] While there may be alternative forums where this matter could have been brought, Defendant is not unduly burdened by defending this action in this forum as he had substantial employment-related contacts with this state, was a former resident of this state, and now resides in an adjacent state. Further, Plaintiff is located here, and Defendant obtained his pre-employment physical in this district, meaning relevant witnesses are also located here.[47]

---

[43] Bridgfield Cas. Ins. Co. v. River Oaks Mgmt., Inc., No. 14-1665, 2015 WL 137248, at *2 (E.D. La. Jan. 9, 2015) (citing *Trejo,* 39 F.3d at 591).

[44] *Sherwin Williams*, 343 F.3d at 391.

[45] *See River Oaks Mgmt*, 2015 WL 137248 (stating that since Louisiana law applied to the policy regardless of whether it was litigated in federal or state court, the court was not inclined to find that the plaintiff was forum shopping).

[46] *Trejo*, 39 F.3d at 591.

[47] Doc. 10-2.

The *Trejo* factors all weigh in favor of the Court exercising jurisdiction. Thus, this matter is justiciable, this Court has authority, and it shall use its discretion to exercise jurisdiction over this action for declaratory judgment.

## III.    Default Judgment

Having established that this Court may grant Plaintiff declaratory relief, the Court turns to whether Plaintiff has set forth a sufficient basis to support default judgment.[48] Plaintiff's Motion argues that the *McCorpen* defense absolves it from its maintenance and cure obligations because Defendant failed to disclose his history of asthma. Plaintiff further argues that, in any event, it owes no maintenance and cure to Defendant because his injuries did not manifest while he was in service to a vessel. Because the Court holds that Plaintiff's *McCorpen* defense provides a sufficient basis to enter default judgment against Defendant, the Court need not reach Plaintiff's alternative argument.

"An employer owes damages for maintenance and cure to any seaman who suffers injury during his employment on a vessel, regardless of fault."[49] "A seaman's employer may, however, rely on certain legal defenses, such as the '*McCorpen* defense,' to deny claims for maintenance and cure."[50] In *McCorpen*, the Fifth Circuit held that an employer is relieved of the obligation to pay maintenance and cure when the seaman conceals or misrepresents the facts of a prior condition or injury in connection with an application for employment.[51]

---

[48] As the Clerk has entered default against Defendant, Plaintiff's well-pleaded factual allegations are deemed admitted. *Bayles*, 559 F. App'x at 313.

[49] Foret v. St. June, LLC, No. 13–5111, 2014 WL 4539090, at *2 (citing Johnson v. Cenac Towing, Inc., 544 F.3d 296, 301 (5th Cir. 2008)).

[50] Dauzat v. Weeks Marine, Inc., No. 14-3008, 2016 WL 3167662, at *2 (E.D. La. June 7, 2016).

[51] *McCorpen*, 396 F.2d at 549; *see also* Brown v. Parker Drilling Offshore Corp., 410 F.3d 166, 170–71, 173 (5th Cir. 2005) (quoting *McCorpen*, 396 F.2d at 549 ("[W]here the [employer]

To prevail on this defense, "an employer must show that (1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit." This Court will address each element in turn.

### A.    Intentional concealment

To satisfy the "intentional concealment" prong of the *McCorpen* defense, the Court need not make a finding of subjective intent.[52] "[A] prospective employee's '[f]ailure to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information . . . satisfies the intentional concealment requirement.'"[53] Here, Plaintiff attaches Defendant's USCG Application for Medical Certificate ("USCG Application") and pre-assignment questionnaire.[54] On the USCG Application, Defendant denied presently or ever having or requiring treatment for a lung disease of any type, including asthma.[55] Likewise, Defendant denied having any medical conditions on his pre-assignment questionnaire.[56] However, Defendant's medical records indicate that he has a history of asthma dating back to his childhood and uses an albuterol inhaler.[57] Notably, Defendant's medical

---

requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure.")).

[52] *Brown*, 410 F.3d at 174.

[53] Martinez v. Crosby Dredging, LLC, 686 F. Supp. 3d 479, 485 (E.D. La. 2023) (citing *Brown*, 410 F.3d at 174 (quoting Vitcovich v. Ocean Rover O.N., No. 94-35047, 1997 WL 21205, at *3 (9th Cir. Jan. 14, 1997))).

[54] Doc. 10-2 at 5–16.

[55] *Id.* at 8. Defendant filled out the USCG Application as part of his pre-employment physical. *Id.* at 1.

[56] *Id.* at 16.

[57] Doc. 10-3 at 3, 5.

records indicate that four days before he boarded the M/V GO AMERICA he sought medical care for the exact same symptoms he experienced while aboard that vessel.[58] Because Defendant failed to disclose his history of asthma on his USCG Application and pre-employment questionnaire, Plaintiff has met its burden to show that Defendant intentionally concealed medical information.

### B.    Materiality

For the *McCorpen* defense to apply, the concealed or nondisclosed facts of a plaintiff's medical history must be material to the employer's decision to hire the seaman.[59] "The fact that an employer asks a specific medical question on an application, and that the inquiry is rationally related to the applicant's physical ability to perform his job duties, renders the information material for the purpose of this analysis."[60] Failing to disclose respiratory conditions, such as asthma, is material where a seaman was asked to disclose his history of breathing conditions pre-employment.[61]

Here, Plaintiff provides the Court with the declaration of Spencer Sens ("Sens"), Plaintiff's Chief Executive Officer. Sens states that "[k]nowledge of Yaeger's history of asthma would have been material to [Plaintiff's] decision to hire him as a contract worker because he would be expected to work offshore

---

[58] Doc. 10-4 at 2 (documenting Defendant's recent "asthma exacerbation," wheezing symptoms, and history of asthma).

[59] *See Brown*, 410 F.3d at 171.

[60] *Id.* at 175.

[61] Bergeron v. B & J Martin, Inc., No. 04-3190, 2005 WL 3542898, at *4 (E.D. La. Oct. 17, 2005) ("[T]he omission of any reference to his breathing problems from any of the forms required in the hiring process is a misrepresentation that was material to the hiring decision."); Kidd v. Candy Fleet, LLC, No. 16-71, 2016 WL 6892886, at *5 (E.D. La. Nov. 23, 2016) (holding that questions regarding a seaman's history of chest, lung, and respiratory conditions were material to the employer's decision to hire a seaman with a history of breathing problems).

and away from easy access to medical attention as a captain."[62] According to Sens, "[i]f Yaeger had disclosed his history of asthma, [he] would have required additional medical information, including medical records and further evaluation of his ability to perform his duties before deciding to hire him as a contract worker."[63] Sens also attests that "[k]nowledge of Yaeger's asthma history and current complaints of wheezing and a need for an inhaler would have been relevant to [Plaintiff's] decision to hire him for this job" aboard the M/V GO AMERICA.[64] Accordingly, the Court finds that Defendant's failure to disclose his breathing difficulties were material to Plaintiff's decision to hire him.

### C.    Connection Between Injuries

Finally, Plaintiff must show a connection between the non-disclosed injuries and the injuries complained of here. To present a successful *McCorpen* defense, a party "need not submit any proof that the [seaman's] omission caused the injury."[65] The party need only "prove that the old injury and the new injury affected the same body part."[66] Here, Defendant's pre-existing asthma affected his lungs and respiratory system. The pneumonia he contracted after his asthma attack aboard the M/V GO AMERICA and the subsequent lung damage also affected Defendant's lungs. Thus, there is a connection between the non-disclosed condition and the injuries claimed. Accordingly, Plaintiff has demonstrated a sufficient basis to enter declaratory judgment against Defendant precluding his recovery of further maintenance

---

[62] Doc. 10-2 at 2.

[63] *Id.*

[64] *Id.*

[65] Johnson v. Cenac Towing, Inc., 599 F. Supp. 2d 721, 728 (E.D. La. Mar. 2, 2009) (citing *Brown* 410 F.3d at 176).

[66] *Id.*

and cure payments based on Plaintiff's successful *McCorpen* defense.[67] Having determined that Plaintiff has successfully presented its *McCorpen* defense, the Court finds that default judgment is warranted given Defendant's lengthy failure to appear.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED**. Judgment shall be entered against Paul Yaeger declaring that Complete Logistical Services, LLC is not liable for additional maintenance and cure benefits, with each party to bear its own costs.

New Orleans, Louisiana this 4th day of March 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[67] Plaintiff's Complaint prays for attorney's fees and costs. Despite Plaintiff's entitlement to declaratory judgment, Plaintiff cannot recover attorney's fees and costs. *See* Ingram Barge Co. LLC v. Caillou Island Towing Co. Inc., 622 F. Supp. 3d 240, 246–55. (E.D. La. 2022); *see also* Dolmo v. Galliano Tugs, Inc., No. 09-3976, 2011 WL 6817824 (E.D. La. Dec. 28, 2011).